## Josiah Widdowson's Estate.　John Widdowson's Appeal.

*Wills—Issue devisavit vel non—Undue influence.*

When undue influence is supposed to have been exercised in obtaining a will it seems that the whole will is not necessarily void, but it will be left to a jury, in the case of real estate, and to the judge of the court of probate, in the case of personalty, to determine what goods were obtained by undue influence, and such gifts only will be declared void.

If some of the legacies in a will have been tampered with and changed without the testator's knowledge, the amount of such legacies may be called in question on the distribution, but the will will stand as to all others. A person not mentioned in the will has no standing to object to the probate of the will because of such changes in legacies.

Argued Oct. 17, 1898. Appeal, No. 52, Oct. T., 1898, by John Widdowson, from decree of O. C. Indiana Co., June T., 1897, No. 81, refusing issue devisavit vel non. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from register of wills admitting will to probate. The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing appeal.

*David L. Krebs* and *J. N. Banks*, with them *John A. Scott, W. S. Stewart* and *W. A. Hagerty*, for appellant, cited Graham's

App., 61 Pa. 43 ; Cozzens's Will, 61 Pa. 196 ; DeHaven's App., 75 Pa. 337 ; Harrison's App., 100 Pa. 458 ; Knauss's App., 114 Pa. 20 ; Pensyl's Appeal, 157 Pa. 465 ; Douglass's App., 162 Pa. 567 ; Knight's Est., 167 Pa. 453 ; Sharpless's Est., 134 Pa. 250 ; Miller's Est., 179 Pa. 645 ; Herster v. Herster, 116 Pa. 626.

*John P. Blair*, with him *Samuel Cunningham*, of *Cunningham & Fisher*, *D. H. Tomb* and *John H. Hill*, for appellees, cited 1 Jarman on Wills, *36 ; Cuthbertson's App., 97 Pa. 163.

OPINION BY MR. JUSTICE GREEN, January 3, 1899 :

The contention of mental unsoundness of the testator was entirely unsupported by any testimony, and was abandoned on the argument. As to the averment of undue influence in the procurement of the will, we have not been referred to any testimony in support of the allegation. After having read the testimony relating to the making and execution of the will with care and patience, we fail to discover any evidence whatever tending to sustain the averment. The testimony showed without any contradiction that the attending physicians, anticipating an early dissolution of the testator, advised that if he had any final arrangements to make respecting his affairs, he had better attend to it without delay. In consequence of this the testator requested Dr. Davis, one of the physicians, to tell D. A. Gorman to come down and write his will. The doctor delivered the message to Mr. Gorman who did come to the house and wrote the will now in contest, on the same evening. According to the testimony of Gorman the testator explained at length the property he owned, and the manner in which he directed it to be disposed of, stating specifically the amount of each legacy he intended to give, and concluding with a direction that he desired the residue of the estate to be given to his three brothers in equal shares. All of this Gorman says he wrote on a slip of paper to be used by him in drawing out the full body of the will. This paper he preserved with the will in the same envelope and, upon being compared with that instrument, the two papers are seen to correspond precisely, so far as the figures are concerned which Gorman testified were inserted in the will when he wrote it and when it was signed by the testator. As to this paper and the testimony of Gor

man as to what the contents of the will actually were when it was executed, there is no contradiction. Now, as a matter of fact, the entire contest against the validity of the will, is founded alone upon the theory that there were alterations in the figures which represent the legacies to two or three of the legatees. On that subject it must be said that the will contains a number of other bequests, and a residuary devise to other persons. There is no contest as to those. Even if the figures were altered as to one or two or three of the legacies the remaining legacies are valid, and those legatees cannot be deprived of their legacies in any event. The only question that can be raised under the testimony would be as to how much these disputed legacies are to be. That is a question that can only arise upon the distribution of the estate. But in that question this appellant has no interest. He is not named in the will, and he takes nothing by it in any event. He has therefore no standing in court, and cannot be heard. In 1 Jarman on Wills, *36, it is said: " When undue influence is supposed to have been exercised in obtaining a will it seems that the whole will is not necessarily void, but it will be left to a jury, in the case of real estate, and to the judge of the court of probate, in the case of personalty, to determine what goods were obtained by undue influence, and such gifts only will be declared void." In Cuthbertson's App., 97 Pa. 163, this doctrine was recognized as sound.

There is no question as to the execution of the will. If some of the legacies were tampered with and changed without the testator's knowledge, the amount of those legacies would be called in question on the distribution, but the will would stand as to all others. We will not decide that question now, as the parties interested are not all before us, and it is no part of the matter that is before us.

We are of opinion that the learned court below was clearly right in refusing the issue. The assignments of error are dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.